**UNITED STATES, Appellee,**

v.

**Captain Everett A. JOYNER, 124–42–2123, United States Army, Appellant.**

**CM 448531.**

U.S. Army Court of Military Review.

8 Dec. 1987.

For Appellant: Major Marion E. Winter, JAGC, Captain James J. McGroary, JAGC (on brief).

For Appellee: Captain Carlton L. Jackson, JAGC, Captain Thomas L. Herrington, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

FELDER, Senior Judge:

Appellant was tried by a military judge serving as a general court-martial. Pursuant to his pleas, he was found guilty of four specifications of larceny, wrongful appropriation, wrongful entry, and two specifications of obtaining and using a false driver's license, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982), respectively. He was sentenced to dismissal from the service, confinement for three years, and total forfeitures. Pursuant to a pretrial agreement, the convening authority reduced the amount of forfeitures to $1750.00 pay per month for three years but otherwise approved the sentence.[1] On 10 March 1987, this court affirmed the findings and sentence in an unpublished decision.

On 6 October 1987, 25 MJ 257, the Court of Military Appeals granted a petition on

---

1. The terms of the pretrial agreement are "[t]he convening authority will disapprove that portion of the sentence in excess of a Dismissal, 3 years confinement, and forfeitures of $1750.00 pay per month for 3 years. A fine may be approved if adjudged instead of or in addition to forfeitures, but the total amount of the fine, or the combination of the fine and forfeitures will not exceed an amount equal to the total of forfeitures of $1750.00 pay per month for 3 years."

the following issue and remanded the case to this court for reconsideration:

> Whether the convening authority was disqualified from taking action on the sentence in this case. *See United States v. Newman,* 14 M.J. 474, 482 (C.M.A. 1983).

At the time the offenses occurred, appellant was the Director of Industrial Operations at Fort Pickett, Virginia. His performance rater was Colonel Walter D. Smith, the Commander of Fort Pickett; and his senior rater was Major General Eugene L. Stillions, the convening authority and Commander of the United States Army Quartermaster Center and Fort Lee.

After charges were preferred against appellant, he was relieved of his duties for cause and an officer evaluation report was prepared as required by Army Regulation 623–105, Personnel Evaluation Reports: Officer Evaluation Reporting System, paragraph 5–18 (C1, 1 March 1983). The rater stated in appellant's efficiency report that he "had lost faith in his integrity, responsibility and moral standards," and that he was relieved for "conduct unbecoming an officer." Major General Stillions wrote that he "strongly concur[red] with the rater's comments and relief for cause of CPT. Joyner. This officer does not meet even the minumum [sic] standards for service as an officer and his actions dictated that he not fill any position of responsibility."

Appellant contends that the convening authority was disqualified from taking action on the sentence because his comments in the officer evaluation report reflect an attitude that made it impossible for him to objectively evaluate the matters presented by appellant on sentencing.

In *United States v. Newman,* 14 M.J. 474 (C.M.A.1983), the Court of Military Appeals confronted the issue of whether a convening authority was disqualified from acting on a case because he had granted testimonial immunity to a defense witness. The court decided that he was not disqualified. The key question that the court focused on was whether the convening authority's "actions before or during the trial create, or appear to create, a risk that he

will be unable to evaluate objectively and impartially all the evidence in the record of trial." *Id.* at 482. Therefore, it is appropriate to analyze this case from that perspective.

The appellant's approved sentence consisted of a dismissal, confinement for three years, and partial forfeitures. During negotiations with the convening authority before trial, during the trial proceedings and during initial review, appellant's main thrust regarding the sentence was to provide sufficient funds for his family's welfare while he was incarcerated. The result was that the total forfeitures adjudged by the trial court was mitigated to partial forfeitures in accordance with a pretrial agreement and the recommendation of the military judge. In a letter to the convening authority after trial, appellant made the following requests:

> I would ask that as my senior rater and Commander you consider the following before making a final decision on my case:
>
> .     .     .     .     .
>
> F. I do not want my confinement time reduced! If you will:
>
> (1) Approve my wife receive a minimum of $1800.00 a month from my base pay....
>
> (2) I not be dismissed but after serving my time I be referred to medical channels for discharge. All medical reports state I will need long term therapy....

In his "Request for Clemency and Reduction of the Amount of Forfeitures" appellant stated to the convening authority, "[m]y only request at this time is that you eliminate the forfeiture so that my family can receive my pay; without at least some of my pay, they will not have sufficient income to meet their minimum subsistence needs.... I ask that my dismissal be disapproved so that I can receive counseling from the Veterans Administration. I would otherwise be unable to afford such counseling." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105.

In view of the fact that appellant implored the convening authority to approve confinement for three years and partial forfeitures, appellant's complaint about the convening authority's attitude regarding confinement and forfeitures is without merit, when the convening authority's action represents fair consideration and implementation of appellant's desires. There is simply no indication that the convening authority's attitude towards approval of confinement and forfeitures was inelastic or connected to his comments as senior rater. On the contrary, the evidence presented by appellant supports the action the convening authority took regarding the confinement and forfeiture portion of the sentence.

Conversely, the convening authority's remarks in the officer evaluation report that appellant did not meet the minimum standards for service as an officer is more closely associated with his approval of the dismissal. Both actions signal the convening authority's position that appellant should be separated from the military, albeit from administrative and judicial perspectives. It is significant to note that appellant has never challenged on legal grounds the appropriateness of a dismissal. Furthermore, there are at least three factors which indicate that he agreed with the convening authority that he was not fit for military officership. First, prior to trial, appellant negotiated an agreement with the convening authority that included a dismissal. Although the terms of the pretrial agreement are not an affirmation by appellant that a dismissal is appropriate, *United States v. Kinman*, 25 M.J. 99, 101 (C.M.A. 1987), it indicates that he recognized the likelihood that the sentence for his criminal acts might include a dismissal. Second, during the trial his defense attorney argued on sentencing that "even without a dismissal, the man's career is over and he knows that." Third, after trial the appellant informed the convening authority that

he should be discharged through medical channels.

Under the circumstances, we agree with the government that the—

> Incessant flow of events demonstrates that appellant's relief for cause [and we add the approval of a dismissal] was not the product of any related prejudice but were the natural consequences of appellant's betrayal of the officers' corps, his utter disregard for the property rights of others, his dishonesty, and breach of fiduciary trust.[2]

In our judgment, the relationship between the convening authority's comments in appellant's evaluation report and his approval of a dismissal is so attenuated that there is no likelihood that one action influenced the other or affected his impartiality. *See United States v. Turcsik*, 13 M.J. 442, 445 (C.M.A.1982). We are convinced the convening authority acted properly in twin capacities and in each on an individual basis.

The findings of guilty and the sentence are affirmed.

Judge GILLEY and Judge ROBBLEE concur.

---

2. The appellant's criminal escapade include the wrongful appropriation of $712.20 from the chaplain's fund at Fort Pickett, Virginia. He also falsely obtained two State of Virginia driver's licenses in the names of fellow officers and used the licenses as identifications to withdraw a total of $7,070.00 from their bank accounts. Additionally, he unlawfully entered one of the officer's quarters and stole a personal check that was used to make one of the withdrawals.